# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: ) | |
| ) | |
| COLORADO ALTITUDE TRAINING LLC, ) | Case No: 10-21951 EEB |
| ) | Chapter 11 |
| Debtor. ) | |

## ORDER GRANTING APPLICATION TO EMPLOY LATHROP & GAGE LLP AS SPECIAL COUNSEL

THIS MATTER comes before the Court on Debtor's Application Under Section 327(e) of the Bankruptcy Code for an Order Authorizing Employment and Retention of Lathrop & Gage LLP as Special Counsel for the Debtor ("Application to Employ"), the limited Objection filed by Hypoxico, LLC ("Hypoxico") and the Joinder in the Objection filed by Stephen Nevin ("Nevin").  The Court, being advised in the premises FINDS and CONCLUDES:

The Application to Employ seeks authority to employ Lathrop & Gage LLP ("Applicant") as special counsel to represent the Debtor in a patent infringement action filed by Nevin in State court and to pay Applicant a $40,000 retainer from Debtor's post-petition funds. Hypoxico and Nevin do not object to the employment of Applicant, only to the payment of the retainer, alleging that the funds with which such retainer would be paid are their cash collateral.

Hypoxico argues that Debtor's post-petition earnings are its cash collateral based on case law that says that a defendant who is liable in a patent infringement action may be deemed to hold its profits in constructive trust for the injured plaintiff if the defendant's sales were attributable to the infringing use. *See*, e.g. *George Basch Co., Inc. v. Blue Coral, Inc.*, 968 F.2d 1532, 1538 (2nd Cir. 1992)(a trademark infringement case). At least one court has found that such a constructive trust, once imposed in a patent infringement case, related back to the time of filing of the application which ultimately resulted in the patent being infringed. *Curtis Mfg. Co., Inc. v. Plasti-Clip Corp.*, 933 F. Supp. 94, 106-7 (D. N.H. 1995).  While this may be true, neither Hypoxico nor Nevin have a judgment finding the Debtor liable for infringement, much less finding that the Debtor's profits are attributable to the infringing use and should be subjected to a constructive trust.  While Hypoxico did formerly have a judgment against the Debtor, that judgment was set aside and a new trial was ordered, which is set to commence on January 30, 2012.  Accordingly, the cases cited by Hypoxico do not support its argument that the Debtor's money is its cash collateral.

Nevin also argues that he has an interest in cash collateral pursuant to his pre-petition security interest in the Debtor's accounts receivable and other assets.  The Debtor has segregated the proceeds of its pre-petition accounts receivable ($2,000) and is not proposing to use such funds to pay the retainer to Applicant.  Pursuant to 11 U.S.C. § 552, the Debtor's post-petition earnings and accounts receivable, from which it proposes to pay the retainer, are not cash collateral.  Although given the opportunity to do so, Nevin did not file a brief or submit

stipulated exhibits showing he has any legally cognizable interest in Debtor's post-petition earnings. It is therefore

ORDERED that the Application Under Section 327(e) of the Bankruptcy Code for an Order Authorizing Employment and Retention of Lathrop & Gage LLP as Special Counsel for the Debtor is GRANTED *nunc pro tunc* to November 23, 2011.

FURTHER ORDERED that the Debtor is authorized to pay Lathrop & Gage LLP a retainer in the amount of $40,000 from its post-petition earnings.

FURTHER ORDERED that Lathrop & Gage LLP shall file timely interim and final fee applications with this Court and shall not be entitled to payment for fees or expenses either directly by the Debtor or from the retainer without Court Order approving such fee application(s).

FURTHER ORDERED that the hearing on the Application set for February 2, 2012 is VACATED and Hypoxico's Motion to Continue such hearing is DENIED as moot.

DATED: January 26, 2012.

BY THE COURT:

*Elizabeth E. Brown*
Elizabeth E. Brown,
United States Bankruptcy Judge