**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Elizabeth E. Brown

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| COLORADO ALTITUDE TRAINING LLC, | ) | Case No: 10-21951 EEB |
| | ) | Chapter 11 |
| Debtor. | ) | |

**ORDER DENYING MOTION TO PROHIBIT USE OF CASH COLLATERAL**

THIS MATTER comes before the Motion to Prohibit Use of Hypoxico's Cash Collateral and Other Relief With Respect to Cash Collateral ("Cash Collateral Motion") and the Debtor's Response. The Court, being advised in the premises FINDS and CONCLUDES:

Hypoxico, LLC ("Hypoxico") seeks to prohibit the Debtor's use of revenue generated by the sales of any tent-related items, claiming that such revenue is its cash collateral pursuant to a jury verdict in its favor entered in the New York Patent Infringement Action. While the Debtor agrees that there is a jury verdict finding that the Debtor's tent systems infringe Hypoxico's patents, it objects to the Cash Collateral Motion on the basis that no judgment has entered on the jury verdict, which is subject to post-trial motions, and no constructive trust has been imposed in the Patent Infringement Action. In addition, the Debtor points out that an estimated 85% of its revenue is derived from other products not found to infringe, so it does not make sense to treat all of the Debtor's revenue as Hypoxico's cash collateral.

Hypoxico argues that Debtor's post-petition earnings are its cash collateral based on case law that says that a defendant who is liable in a patent infringement action may be deemed to hold its profits in constructive trust for the injured plaintiff if the defendant's sales were attributable to the infringing use. *See*, e.g. *George Basch Co., Inc. v. Blue Coral, Inc.*, 968 F.2d 1532, 1538 (2nd Cir. 1992)(a trademark infringement case). At least one court has found that such a constructive trust, once imposed in a patent infringement case, related back to the time of filing of the application which ultimately resulted in the patent being infringed. *Curtis Mfg. Co., Inc. v. Plasti-Clip Corp.*, 933 F. Supp. 94, 106-7 (D. N.H. 1995). While this may be true, Hypoxico does not yet have a judgment finding the Debtor liable for infringement, much less finding that the Debtor's revenues should be subjected to a constructive trust. Accordingly, the cases cited by Hypoxico do not support its argument that the Debtor's revenue is its cash collateral.

To the extent that the Cash Collateral Motion seeks to have this Court, in effect, impose a constructive trust on Debtor's revenues, Hypoxico has not met its burden of demonstrating that it is entitled such a remedy. To warrant imposition of a constructive trust over property of a debtor, thus excluding that property from the estate, a claimant must (1) show fraud or mistake in the debtor's acquisition of the property; and (2) be able to trace the wrongfully held property. *In re Seneca Oil*, 906 F.2d 1445, 1449 (10th Cir. 1990). The Cash Collateral Motion does neither. It is therefore

ORDERED that the Motion to Prohibit Use of Hypoxico's Cash Collateral and Other Relief With Respect to Cash Collateral is DENIED without prejudice.

DATED: March 23, 2012.

BY THE COURT:

Elizabeth E. Brown,
United States Bankruptcy Judge