UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

In re:                                            )
                                                  )
COLORADO ALTITUDE TRAINING LLC,   )          Case No: 10-21951 EEB
                                                  )          Chapter 11
Debtor.                                           )

### ORDER ON MOTION FOR CLARIFICATION

THIS MATTER comes before the Court on Stephen Nevin's "Motion for Clarification of the Court's Order Dated September 22, 2011" ("Motion for Clarification").  The Debtor did not respond to the Motion for Clarification.  The Court, being advised in the premises, FINDS and CONCLUDES:

On July 23, 2010, this Court granted Stephen Nevin ("Nevin") relief from stay in order to undertake all necessary and proper actions, including any necessary administrative or judicial proceedings, to repossess, foreclose, control, own, license, sublicense, sell, and otherwise enforce his rights in specific items of the Debtor's intellectual property, including U.S. Patent No. 6,827,760 and U.S. Patent No. 6,565,624 (the "Patents").

On October 19, 2010, the Boulder District Court entered an order pursuant to C.R.C.P. 70 ordering that the Debtor was divested of any right, title and interest in certain intellectual property, including the Patents, and vesting title exclusively in Nevin.  The order also directed the clerk of court to execute an assignment of the specified intellectual property to Nevin.  That Assignment was executed by the clerk of the court on October 22, 2010 and assigned all right, title and interest in certain specified property, including the Patents and:

> [a]ll technical data, information, materials, expertise which is related to hypoxic environments, products or methods including without limitation, physiological, chemical and physical data techniques, engineering drawings and specifications related to products and/or processes which have been, are or could be used to develop products and methods for conditioning human response in hypoxic environments;"

("Technology and Know How").  According to the order entered by the Boulder District Court, the Debtor did not file a response to Nevin's request for the order and assignment.

On November 3, 2010, this Court entered an Order granting the Debtor's motion to reject its patent sublicense agreement with Nevin.  The Order specifically notes that the Boulder District Court had already divested the Debtor of the intellectual property at issue and ratified and confirmed the Boulder District Court's October 19, 2010 order and the assignment by the clerk of court.

In May, 2011, Nevin filed his Motion to Determine that the Automatic Stay Does Not

Apply to Actions Against the Debtor for Post-Petition Patent Infringement or Alternatively for Relief from Stay Under § 362(d)(1) ("Second Stay Motion"). The Second Stay Motion sought a determination that Nevin was entitled to seek injunctive relief, damages and any other appropriate relief for Debtor's alleged post-petition infringement of his intellectual property rights. The Second Stay Motion was initially held in abeyance by the Court pending determination of the Debtor's request to approve a settlement agreement with several parties. After supplementation, however, the Debtor conceded that the Patents were not impacted by the pending settlement, but argued that the Technology and Know How could not be patented and, thus, cannot be infringed.

On September 22, 2011, this Court entered the Order Granting Motion for Determination that Automatic Stay Does Not Apply In Part ("Order"), finding that the automatic stay does not apply to claims based on the Debtor's post-petition conduct and that the issue of whether the Technology and Know How can be infringed should be determined by a court of competent jurisdiction if, and when, Mr. Nevin filed a suit claiming infringement of the Technology and Know How. The Order granted the Second Stay Motion as to the Patents and the Technology and Know How, but cautioned that relief from stay would be necessary before Nevin could seek to enforce any money judgment he might obtain against property of the estate.

Nevin filed the Motion for Clarification of the Order on March 9, 2012. As contemplated by the Second Stay Motion, Nevin filed suit in Boulder District Court seeking, in part, to enjoin the Debtor's post-petition conduct that he claims infringes on his Technology and Know How. (Motion for Clarification, Exhibit 1.) The Debtor has now taken the position in that suit that the Order only allows Nevin to pursue claims in the nature of declaratory judgment, so Nevin has violated the automatic stay of 11 U.S.C. § 362(a)(1) by seeking a preliminary injunction enjoining the Debtor "from manufacturing, marketing, selling, distributing, or using the Technical Information and Materials owned by Plaintiff." (Motion for Clarification, Exhibit 2, pp. 2, 8-10). The Debtor did not respond to the Motion for Clarification.

11 U.S.C. § 362(a)(1) stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." As was recognized by the Order, Nevin was seeking to bring suit against the Debtor for alleged *post-petition* infringement by the Debtor. By definition, a lawsuit for a debtor's post-petition conduct does not arise and could not be brought pre-petition. Accordingly, § 362(a)(1) does not apply.

The only other provision of § 362(a) that might arguably apply to a request to enjoin a debtor's post-petition conduct is § 362(a)(3). Section § 362(a)(3) imposes an automatic stay against "any act to obtain possession of property of the estate or property from the estate or to exercise control over property of the estate . . . ." In order to determine whether a suit for injunctive relief against the Debtor would violate the automatic stay, the Court must decide whether: (1) the estate has a legal or equitable interest in property which would be affected by the suit; and (2) whether the requested relief would, in effect, exercise control over that property.

As is discussed above at length, it was determined more than a year ago that the Debtor, and, thus, the estate, has no legal or equitable interest in the Patents and the Technology and Know How. All right, title and interest to that property was vested in Nevin by the Boulder District Court's order and assignment in 2010. In addition, when the Debtor rejected its patent sublicense agreement with Nevin, the Debtor was obligated by § 365(n)(3) to provide Nevin with the intellectual property covered by the license and not interfere with Nevin's rights to such intellectual property.

The possibility that enjoining the Debtor from utilizing the Patents or Technology and Know How may prevent the Debtor from producing and selling certain products is irrelevant. A very similar issue was confronted by the Court In *Larami Ltd. v. Yes! Entertainment Corp.*, 244 B.R. 56 (D.N.J. 2000). In *Larami*, the debtor argued that a creditor's attempt to enjoin the production or sale of an allegedly infringing toy would "exercise control over" property of the estate within the meaning of § 362(a)(3). The Court disagreed, stating:

> At its core, plaintiff's suit is an attempt to prevent allegedly unlawful conduct, not an attempt to directly exercise control over the property of the bankruptcy estate. Larami seeks to prevent Yes! From infringing on its patented water gun design. Larami does not seek to seize control of any of Yes!'s inventory or equipment. Indeed, Larami agrees that Yes! Will remain in possession of the existing inventory and that it will be free to modify the water guns in order to avoid future infringement. (Supp.brief, 3).
>
> In *Amplifier Research Corp.,* 144 B.R. 693, the plaintiff brought a defamation suit against a bankrupt corporation and its president. Plaintiff claimed that a newsletter circulated by defendants defamed it and interfered with its contractual relations. The corporate defendant moved to dismiss the complaint on the ground that the automatic stay of § 362(a)(3) precluded any interference with a debtor's property rights. The Court held that plaintiff's request for injunctive relief did not attempt to exercise control over the property of the estate; plaintiff merely sought to control the commission of future torts. The Court reasoned that if plaintiff's allegations were true, defendant had no property right in distributing the defamatory report, and if plaintiff's allegations were false, a permanent injunction would not issue. The Court concluded that § 362(a)(3) "protects interests in a debtor's property, not tortuous uses of that property by the debtor." *Id.* at 695.
>
> This Court agrees with the reasoning of the Court in *Amplifier*. Section 362(a)(3) was intended to prevent interference with a bankruptcy court's orderly disposition of the property of the estate, it was not intended to preclude post-petition suits to enjoin unlawful conduct. If this section were read to prevent the injunctive relief sought here, bankrupt businesses which operated post-petition could violate patent rights with impunity. . . . The Court declines to read § 362(a)(3) so broadly.

*Id*. at 59-60. This Court agrees. The automatic stay does not apply to actions seeking to enjoin allegedly unlawful post-petition conduct by the Debtor. It is therefore

3

ORDERED that the Motion for Clarification of the Court's Order Dated September 22, 2011 is GRANTED and Nevin may seek injunctive relief related to the Debtor's alleged post-petition infringement of the Patents and Technology and Know How as the automatic stay does not apply to such claims.

DATED: March 23, 2012.

BY THE COURT:

*Elizabeth E. Brown*

Elizabeth E. Brown,
United States Bankruptcy Judge